# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRACY LEE WHITE, | CASE NO. 4:19 CV 2577 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | <u>MEMORANDUM OF OPINION</u> |
| MARK WILLIAMS, WARDEN, | |
| Respondent. | |

*Pro se* Petitioner Tracy Lee White filed the above-captioned action under 28 U.S.C. § 2241 against the FCI Elkton Warden, Mark Williams. Petitioner contends he was denied due process at a prison disciplinary hearing which resulted in the loss of good time credits. He asks this Court to vacate the disciplinary hearing decision, and restore his good time credits.

**Factual and Procedural Background**

Petitioner and inmate Odell Edwards were charged on January 14, 2019 with fighting. The incident in question occurred on January 4, 2019. He received written notice of the charges on January 14, 2019, and was notified that the hearing would be on March 1, 2019. Both Petitioner and Edwards denied that they were fighting and instead insisted they were merely rough-housing. Petitioner declined staff representation but requested that Edwards be called as a witness. The Disciplinary Hearing Officer ("DHO") determined that having Edwards appear in person would present a risk to security but interviewed him separately to get his testimony. The DHO reviewed CCTV footage of the incident which showed Petitioner walking down the aisle of Bravo-Bravo unit

at 4:00 a.m. and entering Edwards's cubicle. Petitioner is then shown throwing a punch at Edwards's head. The two inmates shoved each other in an aggressive manner and struck each other in the head and chest with closed fists. Several other inmates were seen entering the cubicle and separating them. Petitioner is then seen leaving the cell. The DHO also considered the staff member witness statements as well as photographs and both inmates' medical records.

The DHO rejected the testimony of both inmates and concluded that the CCTV footage clearly showed a fight and not a friendly wrestling match. The DHO also noted the very early morning hour and the location of the incident to determine it was not friendly rough-housing between friends. He indicated that the inmates involved in the altercation had reason to deny the fight to avoid the consequences of the incident. He found Petitioner guilty of fighting and sanctioned him with loss of good time credits, disciplinary segregation, and loss of privileges.

Petitioner claims he was denied due process at that hearing. He contends he was not permitted to call witnesses, namely Edwards. Petitioner indicates he was not permitted to present the testimony of other inmates to the Northeast Regional Appeals Officer. He claims that without these witness statements, the record was not complete. He contends that the decision was not based on some evidence because the evidence was not construed in the light most favorable to him.

### Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is

appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## Analysis

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good

time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, although Petitioner attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. Due process requires Petitioner be given an opportunity to call witnesses but only when permitting that testimony in person will not be unduly hazardous to institutional safety. The DHO may have decided that Edwards's testimony in person presented a safety concern, but he did interview Edwards outside of the hearing. While Petitioner disputes that the DHO considered the evidence in the light most favorable to him, he is not required to do so. The DHO did consider Petitioner's statement as well as Edwards's statement, and found them to be meritless in light of the CCTV footage that clearly depicted a fight. Petitioner has not sufficiently demonstrated he was denied due process.

**Conclusion**

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 16, 2020

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE